Filed 8/6/26  P. v. Colbert CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DALE ANTHONY COLBERT,<br><br>    Defendant and Appellant. | E086732<br><br>(Super.Ct.No. RIF105601)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

In August 2025 the trial court resentenced Dale Anthony Colbert under Penal Code section 1172.75.[1] Colbert appealed. His attorney filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738[2] informing this court they were unable to identify any errors and asking us to perform an independent review of the record. We affirm.

BACKGROUND

In July 2004 the trial court sentenced Colbert for two violations of section 288, subdivision (a). The trial court sentenced him to an aggregate term of 106 years to life, composed of two 25 years to life terms (doubled under section 667, subdivision (e)(1)), one five-year term under section 667, subdivision (a), and one one-year term under section 667.5, subdivision (b), all to be served consecutively.

In June 2022 the California Department of Corrections and Rehabilitation (CDCR) identified Colbert as a person serving a sentence which contained a now invalid enhancement, as required under section 1172.75. In November 2023 the court followed section 1172.75 by recalling Colbert's sentence and striking the one-year prior prison

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Counsel also alleges that procedures under *People v. Delgadillo* (2022) 14 Cal.5th 216 "may . . . apply given this is not appellant's first appeal as of right." *Delgadillo* addressed the application of *Wende* review in the context of a postconviction relief order under section 1172.6, but specifically did "not decid[e] *Wende*'s application to other postconviction contexts, which may present different considerations." (*Id.* at p. 231, fn. 5.) We do not address whether *Wende* or *Delgadillo* is the proper procedure to apply here, and instead exercise our discretion under *Delgadillo* to apply the *Wende* procedures regardless. (*Id.* at p. 370 ["While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record."].)

enhancement imposed under section 667.5, subdivision (b).  However, the court did not conduct a full resentencing, and continued the resentencing hearing into 2024.  The resentencing was not completed until 2025 due to multiple subsequent continuances—all of which Colbert either stipulated to or requested.

In June 2025 Colbert filed a resentencing memorandum arguing the court should exercise its discretion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to strike one of his strikes.  In August 2025 the prosecution responded, arguing "that it would be unconstitutional for the court to consider any *Romero* request."

The court finally held the full resentencing hearing on August 12, 2025.  At the hearing the court concluded it did have the authority to strike a prior strike when resentencing Colbert under section 1172.75, but declined to do so.  Instead, the court struck the remaining section 667, subdivision (a) five-year enhancement, but did not otherwise disturb the sentence.  Colbert's new aggregate term became 100 years to life.

Colbert timely appealed.

## DISCUSSION

We appointed counsel to represent Colbert on appeal, and counsel filed a brief setting forth a statement of the case and a summary of the facts and asking us to conduct an independent review of the record.  We offered Colbert an opportunity to file a personal supplemental brief, and he has not done so.

We have independently reviewed the record for potential error and find no arguable error that would result in a disposition more favorable to Colbert.

DISPOSITION

We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____
J.

We concur:


RAMIREZ _____
P. J.


MENETREZ _____
J.

4